UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MIRANDA ZUBER, et ano, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | No. 03-12175-MLW |
| -against- | ) | |
| | ) | |
| PUTNAM INVESTMENT | ) | |
| MANAGEMENT, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| ANN SCHNEPS DUBIN, et al., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | No. 03-12209-MLW |
| -against- | ) | |
| | ) | |
| PUTNAM INVESTMENT | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| EVON YAMEEN, et al., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | No. 03-12222-MLW |
| -against- | ) | |
| | ) | |
| PUTNAM INVESTMENT | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| EDWARD CASEY, et al., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | No. 03-12273-MLW |
| -against- | ) | |
| | ) | |
| PUTNAM INVESTMENT | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
IN CLERK'S OFFICE
2003 DEC -2  P 4: 12
U.S. DISTRICT COURT
DISTRICT OF MASS.

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR CONSOLIDATION AND FOR
APPOINTMENT OF LEAD COUNSEL AND IN SUPPORT OF
DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING
RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Defendant Putnam Investment Management, LLC ("Putnam") respectfully submits this memorandum of law in opposition to plaintiffs' Motion for Consolidation and for Appointment of Lead Counsel ("Pls.' Mot.") and in support of Putnam's motion to stay all of the above-captioned actions (the "Pomerantz Haudek" actions or cases)[1] pending a ruling by the Judicial Panel on Multidistrict Litigation on a petition to transfer a number of related cases to this District pursuant to 28 U.S.C. § 1407 for coordinated and consolidated pretrial proceedings.

## INTRODUCTION

Commencing on September 16, 2003, and continuing to this day, at least 38 related actions have been filed challenging the same alleged misconduct, namely, purportedly improper market timing activity in certain Putnam mutual funds (the "Related Actions").[2] All of the named plaintiffs claim to be shareholders in Putnam mutual funds who are suing on behalf of their fellow fund shareholders or on behalf the funds themselves. Many of the same law firms are representing the named plaintiffs in one or more of these actions, naming essentially the same Putnam entities and affiliates as defendants.

Because these virtually identical lawsuits have been filed—for no good reason—in multiple jurisdictions, including federal courts in Massachusetts, New York, California, Illinois and Delaware, defendants have filed a petition (the "MDL Petition") with the Judicial Panel on Multidistrict Litigation (the "Panel" or "MDL Panel") requesting transfer and consolidation of these

---

[1] The principal law firm representing plaintiffs in all of the above-captioned actions is Pomerantz Haudek Block Grossman & Gross LLP. On November 26, 2003, the same firm filed another action in this District, entitled Ioakim v. Putnam Investment Management, LLC, No. 03-12402-MLW, that is substantially the same as the above-captioned actions. While this fifth Pomerantz Haudek case is not before this Court, all of the following points made in support of a stay apply equally to it.

[2] A list of all 38 Related Actions is attached to this memorandum as Appendix A.

cases in a single forum before a single judge. The requested consolidation is essential to ensure the efficient and fair coordination and resolution of a large number of related, complex claims asserted against the same defendants.

Nevertheless, before the MDL Panel can review defendants' MDL Petition and determine the best way for these cases to proceed, the named plaintiffs in the Pomerantz Haudek cases are insisting that they be appointed "lead plaintiffs," and that their four lawsuits move forward first, without regard to the many other related actions that also must be resolved. The only justification for this procedural stunt proffered to this Court by the Pomerantz Haudek plaintiffs is that, unlike the complaints filed in many of the other Related Actions, the four copycat complaints filed here have not been styled as "class actions." But, for at least three reasons, this purported "distinction" provides no basis for treating the Pomerantz Haudek cases differently from all of the other Putnam market timing lawsuits that are the subject of defendants' MDL Petition.

First, contrary to the impression they seek to create, the Pomerantz Haudek plaintiffs are, like plaintiffs in all of the other actions, purporting to represent the interests of the other shareholders in the Putnam funds. Indeed, the Pomerantz Haudek plaintiffs all have asserted claims under Section 36(b) of the Investment Company Act of 1940 (the "ICA"), a statute which provides that damages may be recovered, if at all, solely for the benefit of Putnam's mutual funds, i.e., any damages recovered must go directly into the coffers of the funds.[3] Thus, as a practical matter, the Pomerantz Haudek plaintiffs are suing on behalf of a class comprised of shareholders in Putnam mutual funds.

---

[3]    Section 36(b) provides in pertinent part that "[a]n action may be brought under this subsection . . . by a security holder of such registered investment company [mutual fund] on behalf of such company . . . ." 15 U.S.C. § 80a-35(b) (emphasis added).

Furthermore, even if the Court were to ignore the true nature of a Section 36(b) claim, there is no merit to the suggestion of the Pomerantz Haudek plaintiffs that they alone have elected to sue under this statute. In fact, complaints filed in at least eight of the other Related Actions also include claims pursuant to the Section 36(b) of the ICA or other similar claims that must be maintained for the benefit of all shareholders of the Putnam Funds.[4] Consequently, in all of those Related Actions, the facts and legal theories alleged, and the type of relief sought, are virtually identical to what the Pomerantz Haudek plaintiffs have included in the complaints in their cases.

Finally, regardless of the label attached to the claims asserted in the Related Actions, the operative facts alleged in each and every one of them are essentially the same: defendants purportedly violated the federal securities laws and/or breached fiduciary duties by failing to disclose or prevent market timing activity in Putnam mutual funds. Accordingly, the discovery in all Related Actions necessarily will be overlapping, if not identical, warranting a coordinated MDL proceeding for all Related Actions— regardless of plaintiffs' legal theories or characterization of their claims. The Pomerantz Haudek cases therefore should be stayed pending the MDL Panel's resolution of defendants' Petition to transfer all Related Actions to a single forum for consolidated and coordinated pretrial proceedings.

---

[4]    A list of the other Related Actions asserting claims under Section 36(b) of the ICA is attached as Appendix B.

**ARGUMENT**

## I.    FEDERAL COURTS ROUTINELY STAY ACTIONS PENDING RULINGS BY THE MDL PANEL

Federal courts have the inherent power to stay the proceedings before them. See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). In exercising this power, a "majority of [federal] courts have concluded that it is . . . appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." Id. at 1362; see also U.S. Bank v. Royal Indem. Co., No. CIV. A. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) (staying proceedings pending ruling by MDL Panel); Peckler v. Citigroup, Inc., No. 00-10055-REK (D. Mass June 28, 2000) (order granting stay of proceedings pending ruling by MDL Panel "as a prudential measure") (A copy of this Memorandum and Order is attached hereto as Appendix C); Aikins v. Microsoft Corp., No. Civ. A. 00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (staying proceedings pending ruling by MDL Panel).

Courts favor stays pending rulings by the MDL Panel because the litigation of overlapping claims in multiple forums imposes undue costs on the litigants, wastes scarce judicial resources, and leads to duplicative and inconsistent results. See, e.g., U.S. Bank, 2002 WL 31114069, at *2 (granting stay because "[i]f the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted."). This is true even where, as in this case, defendants seek a stay after plaintiffs have filed a motion for some form of pretrial relief. For example, in Hertz Corp. v. Gator Corp., 250 F. Supp. 2d 421, 428 (D. N.J. 2003), the court stayed the proceedings, including plaintiff's earlier-filed motion for a

4

preliminary injunction, until the MDL Panel issued its ruling in order to prevent the waste of the

court's time and resources that otherwise would have resulted.

## II.    THE COURT SHOULD STAY PROCEEDINGS IN THESE
##         ACTIONS PENDING THE RULING BY THE MDL PANEL

As noted above, all of the Related Actions, including the Pomerantz Haudek cases,

raise common questions of fact and law.  As the Pomerantz Haudek plaintiffs admit in their own

motion papers, the gravamen of the complaints they have filed is that Putnam "permitt[ed] its own

employees and favored clients to engage in market timing of the funds to the detriment of the

Putnam Funds." (Pls.' Mot. at 2.)  All of the other Related Actions similarly "allege that the Putnam

Defendants improperly allowed certain customers [and employees] to 'time' Putnam mutual funds

. . . so as to profit from short-term pricing inefficiencies at the expense of long-term shareholders."

MDL Petition, Memo. of Law at 1.[5]  All of the Related Actions also share common legal theories,

e.g., that Putnam's purported failure to disclose market timing activity in Putnam funds constituted

a violation of the federal securities laws, including the ICA, and a breach of fiduciary duties owed

by defendants to shareholders of the Putnam funds.  See, e.g., Yameen Compl. ¶ 79; MDL Petition,

Ex. B, ¶¶ 45-85; Ex. D, ¶¶ 44-84; Ex. F, ¶¶ 80-102; Ex. G, ¶¶ 49-89; Ex. H, ¶¶ 68-80; Ex. J, ¶¶ 54-

104.

To be sure, the Pomerantz Haudek plaintiffs attempt to distinguish their cases from

the other Related Actions on the ground that their lawsuits do not seek certification of any class of

Putnam fund shareholders.  (See Pls.' Mot. at 2.)  But plaintiffs recognize, as they must, that their

claims pursuant to the ICA cannot be brought solely on their own behalf, and must be maintained

---

[5]      A copy of the MDL Petition submitted to the Panel on November 12, 2003 is attached, with
exhibits, to this memorandum as Appendix D.

on behalf of the funds themselves. See, e.g., Yameen Compl. ¶ 76. Thus, if the Pomerantz Haudek plaintiffs were to prevail in their actions, any recovery would go to Putnam funds and inure to the benefit of the shareholders of the funds. Consequently, the Pomerantz Haudek actions, just like all of the other Related Actions, are brought by plaintiffs in a representative capacity on behalf of fund shareholders. Moreover, as shareholders of Putnam funds themselves, the Pomerantz Haudek plaintiffs are members of the putative classes proposed by the named plaintiffs in the other Related Actions that are the subject of the MDL Petition. This overlap makes the case for the MDL Petition, and hence the stay, even more compelling. See In re Merrill Lynch & Co., 223 F. Supp. 2d 1388, 1389 (J.P.M.L. 2002) (centralization necessary to prevent inconsistent pretrial rulings, especially regarding class certification); In re Food Fair Secs. Litig., 465 F. Supp. 1301, 1305 (J.P.M.L. 1979) (need for centralization highlighted by presence of overlapping class determination requests); In re Plumbing Fixture Cases, 298 F. Supp. 484, 493 (J.P.M.L. 1968) (granting transfer to eliminate "pretrial chaos in conflicting class action determinations which Section 1407 was designed to make impossible.")

Plaintiffs will not suffer any prejudice from staying the Pomerantz Haudek actions until the Panel has ruled on the MDL Petition. Because any stay would remain in place only until the Panel rules, there should be no extended delay. See, e.g., Republic of Venezuela v. Philip Morris Cos., No. 99-0586-CIV, 1999 U.S. Dist. LEXIS 22742, at *6 (S.D. Fla. Apr. 28, 1999) (holding that the "brief stay" pending the MDL Panel's decision would not prejudice plaintiff); see also Register v. Bayer Corp., No. Civ. A. 02-1013, 2002 WL 1585513, at *1 (E.D. La. July 16, 2002) (holding that plaintiff would not be prejudiced by a temporary stay until the MDL Panel's decision); Tench v. Jackson Nat'l Life Ins. Co., No. 99 c 5182, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999)

(holding that plaintiff would suffer no prejudice by "stay for only the limited period" until the MDL Panel ruled on the request to transfer); <u>Portnoy v. Zenith Labs.</u>, Civ. A. No. 86-3512, 1987 WL 10236, at *1 (D.D.C. Apr. 21, 1987) (granting stay where plaintiffs would not be prejudiced by "a short-term stay").

In contrast, in the absence of a stay, Putnam risks multiple proceedings on the same issues. Such circumstances greatly favor a stay, and the cases so recognize. <u>See, e.g.</u>, <u>Aikins</u>, 2000 WL 310391, at *1 (reasoning that stay pending MDL Panel decision was warranted because defendant "would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts" as well as "potentially suffer conflicting rulings by different judges"); <u>accord</u> <u>Am. Seafood, Inc. v. Magnolia Processing, Inc.</u>, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("The duplicative motion practice . . . demonstrate[s] that judicial economy and prejudice to the defendants weigh heavily in favor of the stay."); <u>see also</u> <u>Rosenfeld v. Hartford Fire Ins. Co.</u>, Nos. 88 CIV. 2153 (MJL), 88 CIV. 2252 (MJL), 1988 WL 49065, at *1 (S.D.N.Y. May 12, 1988) (holding that stays pending decision by MDL Panel were "warranted . . . to further the underlying purposes of coordination of multidistrict litigation").

Plainly, given the sheer number of Related Actions, any brief pause in the proceedings here is greatly outweighed by the benefits of coordinated litigation of the related cases. Indeed, the stay of these cases, and eventual consolidation of all Related Actions, undoubtedly will facilitate a swifter resolution of all of the litigation. <u>See</u> <u>Rosenfeld</u>, 1988 WL 49065, at *2; <u>see also</u> <u>In re Diet Drugs Prods. Liab. Litig.</u>, 990 F. Supp. 834, 836 (J.P.M.L. 1998) (noting "economies of scale" that all parties will gain from consolidation); <u>In re Stirling Homex Corp. Secs. Litig.</u>, 405 F. Supp. 314,

7

316 (J.P.M.L. 1975) (noting that plaintiffs will "experience a net savings of time, effort and expenses" through consolidation).

## CONCLUSION

For all of the foregoing reasons, the above-captioned actions all should be stayed pending resolution of Putnam's MDL Petition and plaintiffs' motion to consolidate and to appoint lead counsel in the above-captioned actions should be denied.

Dated: December 2, 2003
     Boston, Massachusetts

Of Counsel:

Seth M. Schwartz
Elizabeth A. Hellmann
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000

Respectfully submitted,

*James R. Carroll*

James R. Carroll (BBO #554426)
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108-3194
(617) 573-4800

Counsel for Putnam Management
Defendants

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party as indicated on the service list attached hereto, on ____ *12/2/03*

*[signature]*

8

## SERVICE LIST

<u>BY HAND</u>

Norman Berman
BERMAN DEVALERIO PEASE
 TABACCO BURT & PUCILLO
One Liberty Square
Boston, MA  02109

Alan L. Kovacs
LAW OFFICE OF ALAN L. KOVACS
2001 Beacon Street
Suite 106
Boston, MA  02135

Richard J. Vita
LAW OFFICES OF RICHARD J. VITA, P.C.
77 Franklin Street, Suite 300
Boston, Massachusetts  02110

<u>BY FEDERAL EXPRESS</u>

Harry W. Jacobs
JACOBS LAW OFFICES
500 East 77th Street, Suite 507
New York, New York  10038

David Jaroslawicz
LAW OFFICES OF JAROSLAWICZ &
JAROS
150 William Street
New York, New York  10038

Klari Neuwelt
LAW OFFICE OF KLARI NEUWELT
110 East 59th Street, 29th Floor
New York, New York  10022

Stanley M. Grossman
Marc J. Gross
H. Adam Prussin
Ronen Sarraf
POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS LLP
100 Park Avenue, 26th Floor
New York, New York  10017