| | | |
|---|---|---|
| SETH B. MARKS, | : | |
| | : | Civil Action |
| Plaintiffs, | : | No. 03-12441-RWZ |
| | : | |
| v. | : | |
| | : | |
| PUTNAM INVESTMENT | : | |
| MANAGEMENT, LLC, | : | |
| | : | |
| Defendant. | : | |

## DERIVATIVE PLAINTIFFS' RESPONSE TO DEFENDANTS' MEMORANDUM OF LAW (i) IN OPPOSITION TO MOTION BY DERIVATIVE PLAINTIFFS TO CONSOLIDATE DERIVATIVE CASES AND APPOINT LEAD COUNSEL, (ii) IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### INTRODUCTION

On January 6, 2004, plaintiffs Hutto, Clement, Baseman and Marks (the "Hutto Group")

in the above captions, moved this Court to consolidate their derivative actions (the "Hutto Group

Motion"). In another court in this district, plaintiffs Zuber, Dubin, Yameen, Casey and Ioakim

(the "Zuber Group"), in the above captions, stipulated *with the Putnam Defendants* to

consolidate their cases. *See* Exhibit A. Now, the Hutto Group and the Zuber Group have agreed

to join their cases in one consolidation, with an Executive Committee composed of counsel from

both groups.

The Putnam Defendants improperly attempt to interfere with the organization and

progress of the Hutto Group cases against the Putnam Defendants that are pending in this district

despite the fact that they stipulated to the consolidation of the Zuber Group before Judge Wolfe.

The Putnam Defendants do not have standing to participate in the process of consolidating the

derivative actions and designating lead counsel in those actions (the "Derivative Actions"), just

like they lack standing to do so in the context of choosing lead plaintiffs and lead counsel in class

cases under the PSLRA. In addition, the Putnam Defendants would not be prejudiced in any way

by a consolidation of the Hutto Group actions, while the MDL process actually would be accelerated and assisted by such consolidation.

Following the Hutto Group Motion, the Class Action Plaintiffs entered into a stipulation with the Putnam Defendants to stay the class actions pending in this Court until the Judicial Panel on Multidistrict Litigation (the "MDL") rules on whether to centralize the actions against the Putnam Defendants in one district. *See* Defendants' Memorandum of Law (i) In Opposition to Motion by Derivative Plaintiffs to Consolidate Derivative Cases and Appoint Lead Counsel, and (ii) in Support of Defendants' Motion to Stay Proceedings Pending Ruling by the Judicial Panel on Multidistrict Litigation ("Defendants' Opposition Memorandum"), Exhibit B. The Hutto Group Plaintiffs were not a party to that stipulation, and oppose such a stay.

Subsequently Hutto Group counsel and Zuber Group counsel representing all of the derivative actions against the Putnam Defendants with the exception of the *Puleo* action,[1] have agreed to consolidate all of the derivative actions pending against the Putnam Defendants under the leadership of an executive committee comprised of the law firms of Wolf Haldenstein Adler Freeman & Herz, LLP, Chimicles & Tikellis and Pomerantz Haudek Block Grossman & Gross, LLP. *All of the Putnam derivative cases, except one Delaware case[2], are now before this Court.* Moreover, *all of the derivative cases, except Puleo, support consolidation of the Hutto Group and Zuber Group cases and the appointment of the Executive Committee lead counsel.* If this Court grants the Hutto Group plaintiffs' cross-motion to consolidate and appoint lead counsel, it would not be necessary to decide this purely organizational issue again after the MDL designates

---

[1] *Puleo v. Putnam, LLC,* No. 03-CV-12527 (D. Mass.). Puleo is represented by the law firm of Hagens Berman, LLP which, at the eleventh hour, has filed a request to file an *amicus* brief with this Court supporting the Class Plaintiffs' and Putnam Defendants' motions to stay the Hutto Group plaintiffs' motion to consolidate until after the MDL decides whether the actions against the Putnam Defendants should be transferred to a single forum.

[2] The Delaware case, *Starr v.Putnam Investment Management, Inc.,* No. 03-CV-1023 (D.Del), was brought by the firm of Chimicles & Tikellis, once of the proposed Executive Committee members in this case. Chimicles & Tikellis have moved before the MDL panel to transfer *Starr* to this District.

2

a transferee court, whether or not all the Putnam derivative cases are transferred to this district or to another district.

## ARGUMENT

### A.    The Putnam Defendants Do Not Have Standing to Oppose Consolidation of the Derivative Actions

The Putnam Defendants cite no precedent for the proposition that they are entitled to intervene in a motion to consolidate the Derivative Actions, because there is none. In fact, the related case law in this District regarding defendants' standing to object to the selection of Lead Plaintiff under the PSLRA shows that just the opposite is true. *See Greebel v. FTP Software, Inc.,* 939 F. Supp. 57, 60 (D. Mass. 1996) (["Defendant] lacks standing to challenge whether Movants [plaintiffs] satisfy the criteria set forth in Section 21 (D)(a)(3)(B)(iii) [Lead Plaintiff provision of PSLRA].")[3]. Where the issue is the consolidation of non-PSLRA derivative actions, the Putnam Defendants certainly have no standing to intervene.

### B.    Consolidation of the Derivative Actions will not Prejudice the Putnam Defendants in Any Way

Even the Putnam Defendants do not argue in Defendants' Opposition Memorandum that they would be prejudiced by the consolidation of the Derivative Actions in this Court because no prejudice would ensue. The opposite is true because the consolidation of any set of actions in any court is always *for the benefit of defendants*. The policy behind consolidation is that it would be unfair to defendants to make them defend against multiple actions either in one court or in several courts. Such multiple defenses would require extra cost and time, as well as redundancy of effort, especially in the discovery process. Therefore, not only is the consolidation of the Derivative Actions in this Court not prejudicial to the Putnam Defendants,

---

[3] Defendants may only object to "procedural prerequisites for consideration of a motion for lead plaintiff" such as the adequacy of notice or the certification accompanying a complaint. *Id.* at 61.

3

but it is a benefit since it begins the process of reducing the number of individual actions against

which the Putnam Defendants ultimately must defend.

The fact that the Class Action Plaintiffs have chosen to stay their consolidation and lead

plaintiff motions pending the MDL decision is wholly irrelevant to the Derivative Actions. The

Class Actions, alleging violations of the federal securities laws, are completely different from the

Derivative Actions, which allege violations of Section 36(b) of the Investment Company Act of

1940 and breach of fiduciary duties. Moreover, the Class Actions are subject to the lead plaintiff

and class certification provisions of the PSLRA, while the Derivative Actions are not.

Accordingly, there is no question that, while certain aspects of pre-trial procedure, such as

discovery, will be coordinated in some way, the Class Actions and Derivative Actions will

proceed separately with separate plaintiff and counsel leadership.

**C.     Consolidation of the Derivative Actions would
        Facilitate, Not Impede, the MDL's Ultimate Ruling**

Consolidation of the Derivative Actions in this Court would facilitate, not impede, the

MDL's ultimate determination. By reducing the number of separate cases in this action, this

Court would be presented with fewer actions to consolidate if it were designated as transferee

court by the MDL, or would be forwarding fewer cases to any other transferee designated by the

MDL. In either case, the transferee court would have *less* work to do and, therefore, judicial

resources would be conserved.

The process of consolidation of the Derivative Actions in this Court also would not be a

particular burden to this Court since there is no opposition to the consolidation *among the*

*Derivative Plaintiffs. Counsel for the Puleo derivative plaintiffs* have merely urged a stay in the

consolidation process. They have filed no motion in opposition to the Derivative Plaintiffs'

consolidation motion.

4

**D.    Other District Courts Have Permitted Consolidation of
Derivative Cases in Similar Mutual Fund Cases to
Proceed Even When MDL Proceedings Were Pending**

In the wake of the recent mutual fund scandals, derivative actions involving many mutual

fund families have been filed in many different districts.  All are currently subject to MDL

proceedings.  In a number of these cases, the district courts have permitted consolidation of the

derivative actions (as well as class actions) before them even with MDL action pending.

In the case of the Federated mutual fund cases, for example, Magistrate Judge Robert C.

Mitchell of the United States District Court for the Western District of Pennsylvania

consolidated the class actions as one group of consolidated cases and the derivative actions as a

separate group of consolidated cases.  Magistrate Judge Mitchell then appointed Mark Rifkin,

counsel for certain derivative actions before this Court, and a member of the proposed Executive

Committee, as "Plaintiffs' Liaison counsel" in the Federated cases.  *See* Exhibit B.  In the Strong

mutual fund cases in the Eastern District of Wisconsin, Judge Charles N. Clevert held hearings

on the issue of the consolidation of the derivative actions, also with the MDL hearings pending.

*See* Exhibit C.

Thus, this Court would not be alone in consolidating the Derivative Actions while an

MDL decision was pending.

5

## CONCLUSION

For the reasons set forth above, the Derivative Plaintiffs respectfully request that this Court deny the Putnam Defendants' motion to stay proceedings pending a decision by the MDL and to grant their cross-motion to consolidate the Derivative Actions and appoint the proposed Executive Committee Derivative Lead Counsel.

Dated:  Boston, Massachusetts
      February 3, 2004

DEUTSCH WILLIAMS BROOKS
DERENSIS & HOLLAND, P.C.

By: _____
Steven J. Brooks
Robert D. Hillman
99 Summer Street
Boston, MA 02110
(617) 951-2300
rhillman@dwboston.com

**WOLF HALDENSTEIN ALDER**
  **FREEMAN & HERZ LLP**
Daniel W. Krasner
Mark C. Rifkin
Demet Basar
Robert Abrams
Christopher S. Hinton
270 Madison Avenue
New York, NY  10016
(212) 545-4600

**CHIMICLES & TIKELLIS**
Nicholas E. Chimicles
Denise Davis Schwartzman
Timothy N. Mathews
Attorney I.D. No. 40659
361 W. Lancaster Avenue
Haverford, PA  19041
(610) 642-8500

**POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS, LLP.**
Stanley M. Grossman
Ronen Sarraf
100 Park Avenue
New York, N.Y. 10017-5516
(212) 661-1100

**CHITWOOD & HARLEY**
Martin D. Chitwood
Lauren D. Antonino
2300 Promenade II
1230 Peachtree Street, NE
Atlanta, GA 30309
(404) 873-3900

**ATTORNEYS FOR PLAINTIFFS**

348940

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRANDA ZUBER, *et al.*, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action |
| PUTNAM INVESTMENT | ) No. 03-12175-MLW |
| MANAGEMENT, LLC, | ) |
| Defendant. | ) |

| | |
|---|---|
| ANN SCHNEPS DUBIN, *et al.*, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action |
| PUTNAM INVESTMENT | ) No. 03-12209-MLW |
| MANAGEMENT, LLC, | ) |
| Defendant. | ) |

| | |
|---|---|
| EVON YAMEEN, *et al.*, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action |
| PUTNAM INVESTMENT | ) No. 03-12222-MLW |
| MANAGEMENT, LLC, | ) |
| Defendant. | ) |

| | |
|---|---|
| EDWARD CASEY, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action |
| PUTNAM INVESTMENT | ) No. 03-12273-MLW |
| MANAGEMENT, LLC, | ) |
| Defendant. | ) |

| | |
|---|---|
| ANTONIO IOAKIM, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action |
| PUTNAM INVESTMENT | ) No. 03-12402-MLW |
| MANAGEMENT, LLC, | ) |
| Defendant. | ) |

## STIPULATION AND [PROPOSED] ORDER OF
## CONSOLIDATION AND STAY OF PROCEEDINGS

## II. MASTER DOCKET AND SEPARATE ACTION DOCKETS

3.  A Master Docket is hereby established for *Zuber, et al., v. Putnam Investment Management LLC.* The Master File shall be Case No. 03-12175-MLW. The Clerk shall file all pleadings in the Master File and note such filing on the Master File Docket. An original of this Order shall be filed by the Clerk in the Master File. The Clerk shall mail a copy of this Order to counsel of record in each of the consolidated actions.

### III. CAPTION OF CASE

4.  Every pleading in *Zuber, et al., v. Putnam Investment Management LLC,* Master File No. 03-12175-MLW, shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **ZUBER, et al.,** | | : |
| | **Plaintiffs,** | : **Master File No. 03-12175-MLW** |
| **v.** | | : |
| | | : |
| **PUTNAM INVESTMENT** | | : |
| **MANAGEMENT, LLC,** | | : |
| | **Defendant.** | : |
| | | : |

### IV. FILING AND DOCKETING

5.  All documents in any action identified in paragraph 1 will be placed in *Zuber, et al., v. Putnam Investment Management LLC,* Master File No. 03-12175-MLW.

6.  All actions identified in paragraph 1 are hereby terminated and closed.

-3-

## V.  ORGANIZATION OF COUNSEL

7.  The Court designates the law firm of Pomerantz Haudek Block Grossman & Gross LLP plaintiffs' Lead Counsel.

8.  Lead Counsel will, after consultation with other counsel, be responsible for formulating and presenting positions on substantive and procedural issues during the litigation. Lead Counsel will act for the group in presenting written and oral arguments and suggestions to the Court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

## VI.  STAY OF PROCEEDINGS

9.  All proceedings in this consolidated action are hereby stayed until thirty (30) days after entry of an order by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") on the Putnam Defendants' Motion to Transfer and Coordination or Consolidation Pursuant to 28 U.S.C. § 1407 in the action captioned *In re Putnam Mutual Funds Investment Litigation*, MDL Docket No. 1590 (the "Motion").

## VII.  WITHOUT PREJUDICE

10.  This Order is without prejudice to any ruling by the MDL Panel on the Motion or to any ruling by any transferee court selected by the MDL Panel.

## VIII.  WITHDRAWAL OF PENDING MOTIONS

11.  Plaintiffs' Motion for Consolidation and for Appointment of Lead Counsel, dated November 18, 2003, and Defendant's Motion to Stay Proceedings Pending Ruling

-4-

MEMORANDUM OF NON-JURY TRIAL

## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FEDERATED CASES

|   |   |
|---|---|
| ) | Civil Action No. 03-1627 |
| ) | Civil Action No. 03-1639 |
| ) | Civil Action No. 03-1659 |
| ) | Civil Action No. 03-1737 |
| ) | Civil Action No. 03-1858 |
| ) | Civil Action No. 03-1942 |
| ) | Civil Action No. 03-1965 |
| ) | Civil Action No. 03-1971 |

## HEARING ON STATUS CONFERENCE

### Before: MAGISTRATE JUDGE ROBERT C. MITCHELL

Appearing for Plaintiffs:
Alfred G. Yates, Jr.
David Manogue
Gerald Rutledge (by telephone)
Andrew D. Abromitz (by telephone)
Stuart L. Berman (by telephone)
Sean Handler (by telephone)
Aaron Brody (by telephone)
Jules Brody (by telephone)
Carol V. Gilden (by telephone)
Kevin McGee (by telephone)
Klari Neuwalt (by telephone)
U. Seth Ottensoser (by telephone)
Joseph R. Seidman, Jr.(by telephone)
Jonathan M. Plasse (by telephone)
Janine L. Pollack (by telephone)
Peter E. Seidman (by telephone)
Daniel S. Sommers (by telephone)
Eric A. Bensky (by telephone)
Robert J. Higgins (by telephone)
Adam T. Savett (by telephone)

Appearing for Defendants:
Thomas L. Allen
Roy W. Arnold

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL M. FEDER, derivatively on      )
behalf of the FEDERATED KAUFMANN      )
SMALL CAP FUND COMPLEX,                )
               Plaintiff,                     )
                                      )
              v.                             )    Civil Action No. 03-1942
                                      )
FEDERATED INVESTORS, INC., et al.,    )
               Defendants.                    )

## O R D E R

AND NOW, this 15 day of January, 2004,

IT IS ORDERED that Mark C. Rifkin is appointed as derivative plaintiff's liaison for Civil Action Nos. 03-1942 and 03-1965.

IT IS FURTHER ORDERED that Thomas L. Allen is appointed as defendants' liaison counsel for all of the actions.

                                         Robert C. Mitchell
                                         United States Magistrate Judge

cc:   Alfred G. Yates, Jr.
      Law Offices of Alfred G. Yates, Jr.
      429 Forbes Avenue
      519 Allegheny Building
      Pittsburgh, PA 15219


      Thomas L. Allen
      Reed Smith

435 Sixth Avenue
Pittsburgh, PA 15219-1886

Mark C. Rifkin
Wolf, Haldenstein, Adler, Freeman & Herz
270 Madison Avenue
New York, NY 10016

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN DEJEAN, individually and on behalf )
of all others similarly situated,                    )
                  Plaintiff,                        )
                              )
                v.                              )     Civil Action No. 03-1627
                              )
FEDERATED INVESTORS, INC., et al.,          )
              Defendants.                   )

## O R D E R

AND NOW, this _13_ day of January, 2004,

IT IS ORDERED that the motions for appointment of Alfred G. Yates as

plaintiffs' liaison counsel (Docket Nos. 8-2, 23-4, 26-3, 29-3) are granted with respect to the

class actions (Civil Action Nos. 03-1627, 03-1639, 03-1659, 03-1737, 03-1858, 03-1971) and

denied with respect to the derivative actions (Civil Action Nos. 03-1942, 03-1965).

IT IS FURTHER ORDERED that Thomas L. Allen is appointed as defendants'

liaison counsel for all of the actions.

                              _Robert C. Mitchell_
                            Robert C. Mitchell
                          United States Magistrate Judge

cc:    Alfred G. Yates, Jr.
       Law Offices of Alfred G. Yates, Jr.
       429 Forbes Avenue
       519 Allegheny Building
       Pittsburgh, PA 15219

Thomas L. Allen
Reed Smith
435 Sixth Avenue
Pittsburgh, PA 15219-1886

Mark C. Rifkin
Wolf, Haldenstein, Adler, Freeman & Herz
270 Madison Avenue
New York, NY 10016

2

EXHIBIT C

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

GREGORY D. COLEMAN,
Derivatively on Behalf of
STRONG GROWTH FUND, INC.,

       Plaintiff,

    v.

STRONG FINANCIAL CORPORATION,
STRONG CAPITAL MANAGEMENT, INC.,
CANARY CAPITAL PARTNERS, LLC,
CANARY INVESTMENT MANAGEMENT, LLC,
CANARY CAPITAL PARTNERS, LTD.,
RICHARD S. STRONG,
THOMAS M. ZOELLER,
DAVID BRAATEN,
TONY D'AMATO,

       Defendants.

     and

STRONG GROWTH FUND, INC.,

       Nominal Defendant.

Case No. 03-C-0862

SCANNED

DATE: 2.4.04

BY: _____

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MIRANDA ZUBER, et al

       Plaintiffs,

    v.

PUTNAM INVESTMENT
MANAGEMENT, LLC,

       Defendant.

Civil Action
No. 03-12175-MLW  W64

ANN SCHNEPS DUBIN, et al

       Plaintiffs,

Civil Action
No. 03-12209-MLW  W64

answer or otherwise plead at this time.  The court does not find the motion to transfer to be good cause to delay pleading in this case.

Now therefore,

IT IS ORDERED that the stipulation of November 7, 2003, is rejected.

IT IS FURTHER ORDERED that the parties shall proceed in this action as otherwise required under the Federal Rules of Civil Procedure.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2003.

BY THE COURT

s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. District Judge

2